McSWEENEY PACKING CO. et al. v. BESHLIN.

(Circuit Court of Appeals, Fifth Circuit. March 10, 1914.)

No. 2599.

1. ESTOPPEL (§ 68*)—DISMISSAL — RETURN OF MANDATE — JURISDICTION OF TRIAL COURT.

Where a writ of error was dismissed for want of appearance or brief filed on behalf of plaintiff in error, and mandate filed in the District Court, and on the day of such dismissal an alleged settlement of the judgment was entered into, the term of the Court of Appeals having expired, appellee could not take advantage of the appellate court's denial of jurisdiction on an application of appellants to recall the mandate and at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same time assert that the District Court had no jurisdiction as of the same date to restrain the enforcement of the judgment on the filing of a bill for specific performance of the alleged settlement on the ground that jurisdiction still resided in the Court of Appeals because, at the time the bill was filed, the 20 days allowed for the filing of an application for rehearing had not expired.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

2. SPECIFIC PERFORMANCE (§ 114*)—SETTLEMENT OF JUDGMENT—BILL.

A bill to enforce specific performance of a settlement of a judgment after a writ of error had been dismissed for want of prosecution, but before the time for filing an application for a rehearing had expired, *held* to contain sufficient equity to entitle complainants to a hearing on the merits.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 356–370, 372; Dec. Dig. § 114.*]

3. COMPROMISE AND SETTLEMENT (§ 6*)—JUDGMENT—CONSIDERATION.

Pendency of a writ of error to review a judgment which would be dismissed in case of a settlement constituted a sufficient consideration for the compromise and settlement.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

4. JUDGMENT (§ 459*)—ENFORCEMENT.

Where complainants sued to enforce specific performance of a compromise and settlement of a judgment on the same day a writ of error was dismissed for want of prosecution, and deposited the amount due on the judgment in the registry of the District Court, complainants were entitled to an injunction against the enforcement of the judgment pending final disposition of the suit for specific performance on condition that the deposit be continued for defendant's benefit to answer the decree in the suit for specific performance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. § 459.*]

Shelby, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by the McSweeney Packing Company and others against E. H. Beshlin, trustee in bankruptcy of Robert S. Redfield & Co. From an order denying complainants' application for an interlocutory injunction restraining defendant from enforcing a judgment against complainants pending final hearing of a bill to enforce specific performance of an agreement for settlement, complainants appeal. Reversed and remanded, with directions.

I. W. Stephens and Geo. E. Miller, both of Ft. Worth, Tex. (R. N. Grisham, of Sweetwater, Tex., on the brief), for appellants.

Theodore Mack, of Ft. Worth, Tex. (A. H. Kirby, of Ft. Worth, Tex., on the brief), for appellee.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court for the Northern District of Texas, denying the application of the appellants for an interlocutory injunction against the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appellee, seeking to restrain him from enforcing a judgment obtained by him against the appellants in a suit at law in the same court for the sum of $27,760, pending the final hearing of a bill filed by appellants to enforce the specific performance of an agreement of settlement of the judgment, alleged to have been entered into between the plaintiff and defendants in the judgment, pending the disposition of the case upon writ of error to this court. The writ of error was dismissed in this court, on motion of the defendant in error, because, when the case was called for argument upon the regular call of the docket of this court at Ft. Worth, there was no appearance made or brief filed on behalf of the plaintiffs in error. The dismissal of the writ of error occurred on November 10, 1913, and the alleged settlement of the judgment occurred on November 10, 1913. The District Judge denied the injunction because of the belief expressed in his opinion that the District Court had no jurisdiction to restrain the enforcement of the judgment at the time the bill was filed, which was within the 20 days allowed for the filing of an application for a rehearing in the cause.

[1] It does not appear from the record, but we know it to be the fact, that an application was made by the appellants to this court, after the termination of the court's session at Ft. Worth, to recall the mandate, because of the alleged settlement of the cause and the failure of plaintiffs in error to appear and prosecute their writ of error by reason of their reliance upon the settlement. We denied the application to recall the mandate by reason of the doubt entertained by us of our jurisdiction to control the judgment of dismissal, on which the mandate issued, after the adjournment of the session of this court at Ft. Worth. It would have been futile to recall the mandate, if this court had lost control of the judgment. If the judgment of this court had passed beyond the control of this court by reason of the adjournment, and this court had parted with jurisdiction of the cause, then it follows that the District Court had regained jurisdiction over the cause and the judgment rendered therein. As the bill for specific performance, upon which the application for a temporary injunction is based, was filed in the District Court after the application for a recall of the mandate was denied by us, the District Court then had jurisdiction of a bill to enforce a specific performance of a compromise of the judgment, and to restrain the enforcement of the judgment, pending a final hearing. The appellee cannot obtain the advantage of our denial of jurisdiction in this court upon the application of appellants to recall the mandate, and now assert a want of jurisdiction as of the same date in the District Court because of the insistence that jurisdiction still resided in this court. For the purposes of this litigation between appellants and appellee, it must be treated for the sake of consistency as having vested in the District Court upon the adjournment of the term of this court at Ft. Worth.

The appeal is from an order of the District Court denying plaintiff's application for an injunction pendente lite. The District Judge passed only upon the question of jurisdiction. If the averments of

the bill show that it contains equity, it would not be proper for us, upon this appeal, to consider the merits. The evidence, upon another hearing in the court below upon the application for an injunction or upon final hearing, may be different from that now appearing in the record. The parties are entitled to the judgment of the court of original jurisdiction in the first instance upon the merits, and this they have not had.

We are not prepared to say that the averments of the bill are insufficient on their face to give it equity. The right to the specific performance prayed for is assailed upon the ground that no settlement was had between the parties, and for these reasons: (1) That the appellee's offer of settlement was not accepted or acted upon by appellants in time; (2) that there was no consideration moving from appellants to the appellee·therefor; (3) that the tender in the letter addressed by appellants to appellee was not in pursuance of appellee's offer; and (4) that appellee had no authority, as trustee, to enter into the settlement on behalf of certain of his beneficiaries. The last reason is developed only by the answer, and does not affect the equity of the bill.

The details of the offer of appellee and of the action of appellants thereon are set out in the bill. The message containing the offer of settlement was sent by appellee November 7, 1913, to his local attorney at Sweetwater, and received in the absence of the attorney by his office man on the morning of November 8th, which was Saturday, and by him communicated to the presidents of the two defendant banks, who each accepted for his bank. The president of the remaining defendant, the packing company, was absent from Sweetwater on Saturday. Efforts were made to reach him by telephone on Saturday, but unsuccessfully. He returned to Sweetwater on the evening of Sunday, November 9th, and was notified of the offer, and communicated his acceptance to the receiver of the message, who then stated his want of authority to close because of the delay. The appellants notified him that they would tender the consideration of the settlement to him on Monday morning, but he disclaimed authority to act for appellee further. On Monday morning at 8:45, appellants sent appellee, by registered mail, New York exchange for $10,500 of one of the defendant banks, and the check of the appellant packing company, certified by the other defendant bank for $7,000, and a bill of sale for the machinery, and wired the appellee that his offer was accepted and they were remitting him the proceeds of the settlement. On the same day the writ of error was dismissed at Ft. Worth. The appellee refused to receive the registered letter upon its arrival in Pennsylvania, and repudiated the settlement, and is insisting on the enforcement of the judgment.

[2] 1. The telegram containing the offer was emphatic that the money consideration was to be paid in cash and immediately. However, reasonable time for the communication of the offer to the appellants and for procuring the money is to be implied. Upon receipt of the telegram Saturday, and the communication of its contents to the two defendant banks, communication of their acceptance was

immediate. The representative of the third appellant happened to be away from Sweetwater, and diligence was unsuccessfully used to communicate with him Saturday. He was reached Sunday and accepted the offer for the other defendant. The money part of the consideration could not reasonably be secured on Sunday, nor could the bill of sale to the machinery be legally executed on that day. The money was sent, and the bill of sale executed and forwarded to the appellee, and appellee notified early Monday morning and before any action upon the pending writ of error could have been taken at Ft. Worth. In view of these facts, it is at least a debatable question as to whether the offer was timely acted upon by the appellants, and one which we think should receive consideration from the court upon the evidence, rather than upon the averments of the bill.

[3] 2. When the money and the bill of sale were sent the appellee by registered mail, the writ of error was still pending in the Circuit Court of Appeals at Ft. Worth. This furnished sufficient consideration for the compromise of the judgment. In addition, it does not appear that the settlement was necessarily a reduction in value from the face of the judgment. The value of the machinery which was an element of the consideration moving to appellee, for all that appears from the record, may have been esteemed by him as of more value than the difference between the amount due on the judgment and the money he received in the settlement.

3. Money was not tendered the appellee by the appellant. In its stead, New York exchange drawn by one of the defendant banks was forwarded in liquidation of part of the consideration, and the check of the defendant packing company, certified by the other defendant bank, for the balance thereof. The appellee, however, refused to carry out the settlement and receive the amount due thereunder, upon another and different ground than that money was not tendered. This might be a waiver of any infirmity in the quality of the tender. The telegram apprised him of the fact that New York exchange and not money was being forwarded, and he made no objection to the character of remittance. However, the telegram was not truthful in that part of the consideration was not forwarded in New York exchange, but in the form of a certified check, as to the worth of which there is a dispute. The appellee was unaware, when he rejected the registered letter, that the message did not truly declare its contents, and it may be that his rejection of it, upon another ground, would not be a waiver of his right to object to it, because of the character of that part of the remittance which differed from the description of it in the message, when he thereafter became aware of the discrepancy. It may also appear from the evidence that the parties in their negotiations treated as money what is usually accepted as such between persons trading at a distance from each other, and that they so regarded New York exchange or a certified check of a solvent bank. If so, the requisition of the offer was complied with, if the certified check was good. It was in fact paid. It is also said that the bill of sale to the machinery was executed to the appellee individually instead of in his capacity as trustee, and that it did

not contain the proper covenants as to title.   He rejected the registered letter containing the bill of sale, unopened and upon another ground, and the question of his consequent waiver of any irregularities that may have existed in the bill of sale cannot be properly determined upon the averments of the bill and in the absence of what may prove to be qualifying evidence.

For these reasons, we think the appellants are entitled to a hearing in the court below upon the evidence, and that their bill should not be dismissed in this court and in advance of such a hearing.

[4] It appears from the record that the amount due upon the judgment, the enforcement of which is sought to be enjoined, has been deposited in the registry of the District Court, to give the appellants an opportunity to apply to this court or a judge thereof for a stay of proceedings upon the original judgment, which was to be done without unreasonable delay and prior to February 5, 1914.  We think it would best subserve the interests of justice that the enforcement of the original judgment be restrained pending the final disposition of the equity cause, and the determination of appellants' right to a specific performance of the settlement, provided the amount due appellee upon the judgment, if the settlement is not specifically enforced, remain on deposit in the registry of the District Court, where it is now, under an agreement that so much thereof as may be necessary shall be subject to the satisfaction of the original judgment, if its specific enforcement be not perpetually enjoined, or to the amount due appellee under the agreement of settlement, if such agreement be specifically enforced against appellants by decree in the equity cause.

The order of the court denying the interlocutory injunction is reversed, and the cause remanded to the District Court, with directions to there enter an order granting the appellants' application for an interlocutory injunction as prayed for upon the condition mentioned, and the appellee is ordered to pay the costs of appeal.

SHELBY, Circuit Judge, dissents.